UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID LAWRENCE GUINEY and                             Case No. DT 09-08904
MARY JOSEPHINE GUINEY,                                 Hon. Scott W. Dales

　　　　　　　Debtors.
_____/

**OPINION AND ORDER REGARDING
OBJECTION TO CLAIM OF NORTHERN LEASING SYSTEMS, INC.**

PRESENT:　　HONORABLE SCOTT W. DALES
　　　　　　　United States Bankruptcy Judge

Debtors David Guiney and Mary Guiney ("Debtors") filed their Motion to Disallow Claim Number 16 Filed by Northern Leasing Systems, Inc., which the court treated as a claim objection (DN 32, the "Objection") under Rule 3007(a).  The Debtors properly served the Objection, and the court held a hearing in Traverse City on January 20, 2010, more than thirty days after service. Creditor Northern Leasing Systems, Inc. ("Northern") filed no opposition. From the bench, the court announced its decision to overrule the Objection.  This Opinion and Order supplements the court's oral ruling.

At the hearing, the Debtors were present, and appeared through counsel.  Chapter 13 Trustee Brett N. Rodgers ("Trustee") also appeared; Northern did not.  Debtors' counsel proffered the testimony of David Guiney to the effect that Northern holds a claim against the Debtors' related business, Crystal Pool & Spa, Inc., but not against the Debtors personally.  Mr. Guiney would have testified, according to the proffer, that he did not recall signing any guarantee for the debt that arose from his company's lease of credit card processing equipment.

The court announced its intention to accept the unopposed proffer, but immediately after doing so, the Trustee called the court's attention to the documents attached to Northern's proof of claim (Claim No. 16), including a personal guaranty endorsed at the bottom of one of the pages. In preparing for the hearing, the court had overlooked the embedded guaranty.

In response to the court's questions, Mr. Guiney confirmed that he signed the guaranty, but argued that he was not aware that he had a personal obligation.[1] In view of the documentary evidence -- a signed personal guaranty -- and notwithstanding the absence of opposition from Northern, the court retracted its initial ruling, and announced its intention to overrule the Objection.

In our state, as elsewhere, a contracting party cannot escape the consequences of signing an agreement simply because he is ignorant of its contents. The rule is necessary to preserve commercial stability and protect reliance on signed writings, such as the lease and guaranty at issue in the Objection. Michigan's Court of Appeals has explained:

> Michigan law presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents. McKinstry v. Valley Obstetrics-Gynecology Clinic, P.C., 428 Mich. 167, 184, 405 N.W.2d 88 (1987). Moreover, mere failure to read an agreement is not a defense in an action to enforce the terms of a written agreement. DeValerio v. Vic Tanny Int'l, 140 Mich. App. 176, 179-180, 363 N.W.2d 447 (1984).

Watts v. Polaczyk, 242 Mich. App. 600, 604, 619 N.W.2d 714, 717 (2000). As the court indicated at the hearing, the rule applies here.

The court is always uncomfortable ruling in favor of a party that elects not to participate in proceedings, but the documentary evidence and the applicable law so clearly undermine the Objection that the court cannot sustain it, even though Northern filed no opposition.

---

[1] The court notes that Northern's proof of claim named only David Guiney, not Mary Guiney, so neither she nor her estate is liable to this creditor. In addition, the court notes that Mary Guiney did not sign the personal guaranty.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (DN 32) is OVERRULED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtors David and Mary Guiney, Paul I. Bare, Esq., Attorney for Debtors, Brett N. Rodgers, Chapter 13 Trustee, and Creditor Northern Leasing Systems, Inc.

[END OF ORDER]

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 22, 2010**